**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher C. and Laura L. Wilkinson, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A., et. al.,<br><br>Defendants. | No. CV11-02467-PHX-DGC<br><br>**ORDER** |

Plaintiffs filed suit against Defendants alleging six claims. Doc. 1-1. Defendant Wells Fargo Bank filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 26. Plaintiff responded (Doc. 33) and Wells Fargo replied (Doc. 35). The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant the motion to dismiss.

**I.   Background.**

The following facts are taken from the complaint and will be assumed true for purposes of this motion. Plaintiffs refinanced their mortgage through a loan arrangement with Wells Fargo under a first and second mortgage, and pledged 6129 East Shangri La Road (the "Property") as collateral for the deed of trust ("DOT"). Doc. 1-1 at 10. The first mortgage was dated May 8, 2007, and the second mortgaged was dated June 7, 2007. *Id.* Wells Fargo was the named beneficiary in both mortgages. *Id.* On or about April 2, 2010, Plaintiffs contacted Wells Fargo to discuss options for refinancing or modifying the loan agreement. *Id.* Representatives of Wells Fargo told Plaintiffs that it was highly

unlikely that any assistance was available and that Wells Fargo would not consider providing assistance until Plaintiffs were delinquent in their mortgage payments. *Id.* Plaintiffs continued making payments and submitted all requested information to be considered for a loan modification. *Id.* Between April 2 and June 29, 2010, Plaintiffs made multiple calls to Wells Fargo and were told that it was highly unlikely that they would be considered for any assistance unless the mortgage was delinquent. *Id.* During this time, Plaintiffs were told that their requests for modifications were in process. Doc. 1-1 at 11.

On about June 29, 2010, Plaintiffs called Wells Fargo to follow up on the file and were told that it was in short sale status and a new file was required to be considered for loan modification. *Id.* On July 20, 2010, Plaintiffs supplied additional requested documents to Wells Fargo. *Id.* On about August 3, 2010, Plaintiffs provided further requested documentation to Wells Fargo. *Id.* On August 10, 2010, Wells Fargo requested Plaintiffs to provide additional documentation including medical records to justify a medical hardship. *Id.* Plaintiffs told Wells Fargo that the medical records may take up to 30 days. *Id.* On about August 24, 2010, Plaintiffs called Wells Fargo and were told that their file had been terminated for failure to provide documentation. *Id.* Plaintiffs told Wells Fargo that they had the required documentation and would fax it over. *Id.* Wells Fargo verified its receipt of the documentation and told Plaintiffs that the file would be changed to "in process." Doc. 1-1 at 12.

On about September 22, 2010, Plaintiffs were told that they needed to provide additional documentation. *Id.* On about September 28, 2010, Plaintiffs provided the additional requested documents. *Id.* On about October 5, 2010, Plaintiffs were told that more documentation was required and shortly thereafter provided it. *Id.* On about October 19, 2010, Plaintiffs were told that the file had been withdrawn due to missing documents. *Id.* Wells Fargo did not identify which documents were missing, but told Plaintiffs that they could resubmit a loan modification packet for consideration. *Id.* On about October 22, 2010, Plaintiffs resubmitted the entire packet, including the prior

correspondence, and was told that file was again "in process." *Id.*

Between April and December 2010, Plaintiffs spoke to at least 15 different Wells Fargo representatives. *Id.* During the last few months of these communications, Plaintiffs missed payments because of financial hardship and because Wells Fargo indicated that it was unlikely to provide assistance if the loans were current. *Id.* On about November 18, 2010, Plaintiffs were informed that servicing on the first mortgage had been transferred to Marix Servicing and that the loan modification requests would be handled by Marix. Doc. 1-1 at 13. On February 7, 2011, Wells Fargo recorded an assignment of the DOT to TruCap in Maricopa County, Arizona. *Id.* Plaintiffs believe that Wells Fargo assigned rights to the first and second mortgage prior to the assignment with TruCap. *Id.*

Plaintiffs allege six counts in their complaint: (1) violations of the Arizona Consumer Fraud Act; (2) quiet title to the real property; (3) damages; (4) breach of contract; (5) fraud; and (6) demand for an accounting.

## II.    Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –

but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

When addressing a Rule 12(b)(6) motion, a court "may consider documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice." *Humboldt Baykeeper v. Union Pacific Railroad Co.*, No. C 06-02560 JSW, 2006 WL 3411877, at *1 (N.D. Cal. Nov. 27, 2006) (citing, inter alia, *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). In addition, a court may consider documents of which it takes judicial notice, including those that are matters of public record. *Gallo v. Board of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995).

**III.   Analysis.**

    **A.   Count 1: Arizona Consumer Fraud Act.**

The elements of consumer fraud under A.R.S. § 44-1522 are "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Nahom v. Blue Cross & Sheild*, 885 P.2d 1113, 1124 (Ariz. 1994) (quoting *Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008 (Ariz. 1979)). A claim for consumer fraud is subject to Rule 9(b). *See, e.g., Grismore v. Capital One F.S.B.*, No. CV 05–2460–PHX–SMM, 2007 WL 841513 at *6 (D. Ariz. Mar.16, 2007). To satisfy Rule 9(b)'s heightened pleading standard for fraud, "a plaintiff 'must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Stejic v. Aurora Loan Servs., LLC*, No. 09-CV-819-PHX-GMS, 2009 WL 4730734, at *4 (D. Ariz. Dec.1, 2009) (quoting *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). The plaintiff also "'must set forth what is false or misleading about the statement, and why it is false.'" *Id.* (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

- 4 -

Plaintiffs allege that "Wells Fargo misled Plaintiffs regarding their alternatives to foreclosure, including loan modifications, forbearance of payments, etc." Doc. 1-1, at 17. Plaintiffs also allege that Wells Fargo falsely told Plaintiffs "that they must be delinquent on their mortgage payments in order to be considered for a loan modification." *Id.* Plaintiffs also allege generally that Wells Fargo "made false promises and used deception, deceptive practices, and/or misrepresentations." *Id.* at 11.

These allegations do not meet the pleading requirements for Rule 9(b). With the exception of the delinquency statement, Plaintiffs do not identify the substance of the alleged false statements. Nor do they identify when specific alleged misrepresentations were made or by whom. The Consumer Fraud Claim must therefore be dismissed.

**B.    Count 2: Quiet Title.**

An action for quiet title may be brought by anyone having or claiming interest in real property against any person adverse to the party, A.R.S. § 12-1101, but must "[s]tate that Plaintiff is credibly informed and believes defendant makes some claim adverse to plaintiff," A.R.S. § 12-1102(4). This claim fails for a number of reasons. First, the complaint does not allege that Wells Fargo claims any title in the property. Doc. 1-1 at 13 (stating Wells Fargo assigned its rights to TruCap with an assignment of deed of trust on February 7, 2011). Second, Plaintiffs cannot assert quiet title against their lender until they have paid off their loan or tendered the balance due. *Eason v. IndyMac Bank, FSB*, No. CV 09-1423-PHX-JAT, 2010 WL 4573270 at *3 (D. Ariz. Nov. 5, 2010). Finally, Plaintiffs' failed to address these arguments in the response brief, which is an independent basis to dismiss. *See* L. R. Civ. 7.2(i).

**C.    Count 3: Damages.**

There is no cause of action called "damages" in Arizona. Plaintiffs appear to bring this claim under A.R.S. § 33-420(a). This statute applies to documents purporting to create an interest, lien, or encumbrance such as a *lis pendens*, mechanics lien, or the deed of trust itself, rather than an assignments of mortgages. *Schayes v. Orion Fin. Group, Inc.*, No. CV–10–0265, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011).

On June 7, 2007, the DOT for the Property was filed naming Wells Fargo as trustee and beneficiary. Doc. 1-1 at 30. Wells Fargo assigned the DOT to TruCap Grantor Trust 2010 on January 26, 2010. Doc. 1-1 at 35-36. On June 7, 2007, the DOT for the Property was filed naming Wells Fargo as trustee and beneficiary. Doc. 1-1 at 30. Wells Fargo assigned the DOT to TruCap Grantor Trust 2010 on January 26, 2010. Doc. 1-1 at 35-36.

Count 3 alleges that Defendants "have recorded multiple documents against Plaintiffs' property in an attempt by Defendants to improperly remove Plaintiffs' right to the Property and have refused to remove these improper and invalid recordations." Doc. 1-1 at 19. But Plaintiffs do not identify the documents that support this claim, nor do they explain how the documents are forged, groundless, contain a material misstatement or false claim, or are otherwise invalid, as required by the statute. The facts alleged in the complaint therefore do not support a claim under A.R.S. § 33-420(a).

### D.     Count 4: Breach of Contract.

In an action for breach of contract, the plaintiff must show the existence of a contract, breach of the contract, and resulting damages. *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004). Count 4 addresses the Substitution of Trustee and Notice of Trustee's Sale and alleges that they are defective in various respects, but does not identify a contract between Plaintiffs and Wells Fargo or allege how the contract was breached. The count therefore fails to state a claim for breach of contract. In addition, Plaintiffs failed to address this count in the response brief. *See* L. R. Civ. 7.2(i).

### E.     Count 5: Fraud.

Count 5 alleges that Defendants committed residential mortgage fraud under A.R.S. § 13-2320 through deliberate misstatements, misrepresentations or material omissions, including causing an inaccurate substitution of trustee and notice of trustee sale to be recorded. Doc. 1-1 at 21. The count also alleges that Wells Fargo made "repeated misstatements and misrepresentations about the borrower's loan modification." *Id*. As already noted, Rule 9(b) requires a party alleging fraud to "state with particularity

the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Wells Fargo identifies several alleged defects in this claim, including its failure to plead fraud with particularity. Wells Fargo asserts that Plaintiffs have failed to identify what alleged misrepresentations support fraud. Doc. 26 at 11. In response, Plaintiffs argue that they sought information for months and were told only that "the file is in process" and "missing documents." Doc. 33 at 6. Plaintiffs assert that they "were never provided proof of the Defendant's review or consideration," and that Wells Fargo imposed delays in excess of the times promised Plaintiffs. *Id.* This response does little to clarify Plaintiffs' fraud claim. As in the complaint, Plaintiffs fail to identify the specific fraud perpetrated by Wells Fargo, much less with particularity. Plaintiffs do not identify what false statements were made, when, or by whom. The fraud claim clearly does not comport with Rule 9(b).

### F. Count 6: Accounting.

Count 6 requests copies of the entire loan servicing file from Defendants and the true note holder. Doc. 1-1 at 21. There is no such claim for accounting in Arizona. *Kelly v, NationsBanc Mortg. Corp.*, 17 P.3d 790, 792-93 (Ariz. App. 2001) (concluding that there is no authority to support a trustor's request for a complete accounting). In addition, Plaintiffs fail to address this claim in its response brief. *See* L. R. Civ. 7.2(i).

### IV. Conclusion.

Each of Plaintiffs' claims must be dismissed for the reasons identified above. In addition, Plaintiffs' complaint contains numerous allegations regarding federal loan modification programs. Borrowers cannot, however, enforce federal programs designed to encourage modifications. *Robinson v. Wells Fargo Bank, N.A.*, No. CV 09-2066-PHX-JAT, 2010 WL 2534192, at *7-8 (D. Ariz. June 18, 2010) (holding that "TARP does not create, either explicitly or implicitly, a private right of action against TARP fund recipients"); *Cettolin v. GMAC*, No. CV 10-8036-PCT-JAT, 2010 WL 3834628, at *4 (D. Ariz. September 24, 2010) ("neither TARP nor HAMP provides a private right of action against financial institutions for refusal to modify a loan").

**IT IS ORDERED** that Defendant Wells Fargo's motion to dismiss **is granted.**

Dated this 14th day of March, 2012.

_____
David G. Campbell
United States District Judge