**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher C. and Laura L. Wilkinson,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A., et al.,<br><br>Defendants. | No. CV11-02467-PHX-DGC<br><br>**ORDER** |

On March 9, 2012, Defendants TruCap Grantor Trust 2010-2 ("TruCap") and Marix Servicing, LLC ("Marix") filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Doc. 38. Plaintiffs have not responded. TruCap and Marix have requested a ruling on their motion. Doc. 42; *see* LRCiv 7.2(i). For the reasons that follow, the Court will grant the motion.

**I.  Background.**

The following facts are taken from the complaint and will be assumed true for purposes of this motion. Plaintiffs refinanced their mortgage through a loan arrangement with Wells Fargo under a first and second mortgage, and pledged 6129 East Shangri La Road (the "Property") as collateral for the deed of trust ("DOT"). Doc. 1-1 at 10. The first mortgage was dated May 8, 2007, and the second mortgaged was dated June 7, 2007. *Id.* Wells Fargo was the named beneficiary in both mortgages. *Id.* On or about April 2, 2010, Plaintiffs contacted Wells Fargo to discuss options for refinancing or modifying the loan agreement. *Id.* Representatives of Wells Fargo told Plaintiffs that it was highly

unlikely that any assistance was available and that Wells Fargo would not consider providing assistance until Plaintiffs were delinquent in their mortgage payments. *Id.* Plaintiffs continued making payments and submitted all requested information to be considered for a loan modification. *Id.* Between April 2 and June 29, 2010, Plaintiffs made multiple calls to Wells Fargo and were told that it was highly unlikely that they would be considered for any assistance unless the mortgage was delinquent. *Id.* During this time, Plaintiffs were told that their requests for modifications were in process. Doc. 1-1 at 11.

On about June 29, 2010, Plaintiffs called Wells Fargo to follow up on the file and were told that it was in short sale status and a new file was required to be considered for loan modification. *Id.* Plaintiffs supplied additional documents on June 20 and August 3, 2010. *Id.* On August 10, 2010, Wells Fargo asked Plaintiffs to provide additional documentation including medical records to justify a medical hardship. *Id.* Plaintiffs told Wells Fargo that the medical records may take up to 30 days. *Id.* On about August 24, 2010, Plaintiffs called Wells Fargo and were told that their file had been terminated for failure to provide documentation. *Id.* Plaintiffs told Wells Fargo that they had the required documentation and would fax it over. *Id.* Wells Fargo verified its receipt of the documentation and told Plaintiffs that the file would be changed to "in process." Doc. 1-1 at 12.

On about September 22, 2010, Plaintiffs were told that they needed to provide additional documentation. *Id.* On about September 28, 2010, Plaintiffs provided the additional requested documents. *Id.* On about October 5, 2010, Plaintiffs were told that more documentation was required and shortly thereafter provided it. *Id.* On about October 19, 2010, Plaintiffs were told that the file had been withdrawn due to missing documents. *Id.* Wells Fargo did not identify which documents were missing, but told Plaintiffs that they could resubmit a loan modification packet for consideration. *Id.* On about October 22, 2010, Plaintiffs resubmitted the entire packet, including the prior correspondence, and was told that file was again "in process." *Id.*

Between April and December 2010, Plaintiffs spoke to at least 15 different Wells Fargo representatives. *Id.* During the last few months of these communications, Plaintiffs missed payments because of financial hardship and because Wells Fargo indicated that it was unlikely to provide assistance if the loans were current. *Id.* On about November 18, 2010, Plaintiffs were informed that servicing on the first mortgage had been transferred to Marix, and that the loan modification requests would be handled by Marix. Doc. 1-1 at 13. On February 7, 2011, Wells Fargo recorded an assignment of the DOT to TruCap in Maricopa County, Arizona. *Id.* Plaintiffs believe that Wells Fargo assigned rights to the first and second mortgage prior to the assignment with TruCap. *Id.*

Plaintiffs allege six counts in their complaint: (1) violations of the Arizona Consumer Fraud Act; (2) quiet title to the Property; (3) damages; (4) breach of contract; (5) fraud; and (6) demand for an accounting. Doc. 1-1, at 8-22.

**II.     Legal Standard.**

A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –

but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Discussion.**

    **A.  Claim One: Arizona Consumer Fraud Act.**

The elements of consumer fraud under A.R.S. § 44-1522 are "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Nahom v. Blue Cross & Shield*, 885 P.2d 1113, 1124 (Ariz. 1994) (quoting *Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008 (Ariz. 1979)). A claim for consumer fraud is subject to Rule 9(b). *See, e.g.*, *Grismore v. Capital One F.S.B.*, No. CV 05-2460-PHX-SMM, 2007 WL 841513, at *6 (D. Ariz. Mar. 16, 2007). To satisfy Rule 9(b)'s heightened pleading standard for fraud, "a plaintiff 'must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Stejic v. Aurora Loan Servs., LLC*, No. 09-CV-819-PHX-GMS, 2009 WL 4730734, at *4 (D. Ariz. Dec. 1, 2009) (quoting *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). The plaintiff "'must set forth what is false or misleading about the statement, and why it is false.'" *Id.* (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Plaintiffs allege that "Marix misled Plaintiff[s] regarding their alternatives to foreclosure, including loan modifications, forbearance of payments, etc., and expressly represented that Plaintiff had no alternatives but to deplete their life savings in order to keep their home." Doc. 1-1, at 17, ¶ 47. Plaintiffs also allege that Marix told Plaintiffs "that they must be delinquent on their mortgage payments in order to be considered for a loan modification[.]" *Id.* at ¶ 48.

These allegations do not satisfy Rule 9(b). With the exception of the statements regarding life savings and delinquency, Plaintiffs do not identify the specific misrepresentations at issue or the substance of those misrepresentations. Nor do they identify when the misrepresentations were made or by whom. For these reasons, the

- 4 -

consumer fraud claim will be dismissed.

### B. Claim Two: Quiet Title.

An action for quiet title may be brought by anyone having or claiming interest in real property against any person adverse to the party, A.R.S. § 12-1101, but must "[s]tate that plaintiff is credibly informed and believes defendant makes some claim adverse to plaintiff," A.R.S. § 12-1102(4). Plaintiffs cannot assert quiet title until they have paid off their loan or tendered the balance due. *Eason v. IndyMac Bank, FSB*, No. CV 09-1423-PHX-JAT, 2010 WL 4573270 at *3 (D. Ariz. Nov. 5, 2010); *Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941). Plaintiffs do not allege that they have paid the loan amount, nor do they allege that they are ready, willing, and able to tender the full amount owed. Their quiet title claim will be dismissed.

### C. Claim Three: Damages.

Plaintiffs' third claim alleges that "Defendants have recorded multiple documents against Plaintiff's Property in an attempt by Defendants to improperly remove Plaintiff's right to the Property and have refused to remove these [i]mproper and invalid recordations made with the Maricopa County Recorder's office." Doc. 1-1, at 19, ¶ 8. Plaintiffs seek damages for Defendants' alleged violation of A.R.S. § 33-420(a). The documents referenced in the complaint are the DOT (Doc. 1-1, at 30-33), the assignment of DOT from Wells Fargo to TruCap (Doc. 1-1, at 35-36), the substitution of trustee naming Quality Loan Service Corporation (Doc. 1-1, at 38-39), and the notice of trustee's sale (Doc. 1-1, at 41-46). Plaintiffs have not alleged how these documents are forged, groundless, contain material misstatements or false claims, or are otherwise invalid, as required by A.R.S. § 33-420(a). Furthermore, this statute applies to documents purporting to create an interest, lien, or encumbrance such as a lis pendens, mechanics lien, or the deed of trust itself, but it has not been applied to assignments of mortgages and notices of trustee's sales. *See Schayes v. Orion Fin. Grp., Inc.*, No. CV-10-02658-PHX-NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011). Accordingly, Plaintiffs' claim for damages under § 33-420 will be dismissed.

### D. Claim Four: Breach of Contract.

In an action for breach of contract, the plaintiff must show the existence of a contract, breach of the contract, and resulting damages. *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. App. 2004). Plaintiffs' fourth claim alleges that the substitution of trustee and the notice of trustee's sale were defective. Doc. 1-1, at 20, ¶¶ 11-12. Plaintiffs, however, are not parties to those documents. *See* Doc. 1-1, at 38-39, 41-46. Plaintiffs have not identified a contract with Marix or TruCap, and have not shown how such a contract was breached.

Plaintiffs also appear to allege that a recorded assignment is a prerequisite to a valid trustee's sale under A.R.S. § 33-411. Doc. 1-1, at 20, ¶¶ 13-14. Courts in this District have recognized that "an assignment of the beneficial interest in a deed of trust [need not] be recorded to be valid." *Diamond v. One West Bank*, No. CV-09-1593-PHX-JFM, 2010 WL 1742536, at *4 (D. Ariz. April 29, 2010). The Arizona Supreme Court has held that Arizona's non-judicial foreclosure statutes do not impose a recording requirement before a trustee's sale is noticed. *In re Vasquez*, 266 P.3d 1053, 1055-56 (Ariz. 2011). Plaintiffs have therefore failed to state a claim for breach of contract.

### E. Claim Five: Fraud.

To prove fraud in Arizona, nine elements must be established: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the information should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's ignorance of the information's falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury. *Taeger v. Catholic Family & Cmty. Serv.*, 995 P.2d 721, 730 (Ariz. App. 1999). "Mere conclusory allegations of fraud will not suffice; the complaint must contain statements of the time, place, and nature of the alleged fraudulent activities." *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) (citing *Bosse & Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977)); *see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d

397, 405 (9th Cir. 1991) ("Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.").

Plaintiffs' fifth claim alleges that Defendants committed residential mortgage fraud under A.R.S. § 13-2320 through deliberate misstatements, misrepresentations or material omissions, including causing an inaccurate substitution of trustee and notice of trustee sale to be recorded. Doc. 1-1 at 21. As discussed above with respect to Plaintiffs' consumer fraud claim, such general and conclusory allegations fail to meet the heightened pleading requirements of Rule 9(b).

### F.  Claim Six: Demand for Accounting.

Plaintiffs request copies of the entire loan servicing file from Defendants and the true note holder. Doc. 1-1, at 21, ¶ 19. There is no such claim for accounting in Arizona. *Kelly v. NationsBanc Mortg. Corp.*, 17 P.3d 790, 792-93 (Ariz. App. 2001) (concluding that there is no statutory authority to support a trustor's request for a complete accounting). This claim therefore fails as a matter of law.

### IV.  Conclusion.

Each of Plaintiffs' claims must be dismissed for the reasons identified above. In addition, Plaintiffs' complaint contains numerous allegations regarding federal loan modification programs. Borrowers cannot, however, enforce federal programs designed to encourage modifications. *Robinson v. Wells Fargo Bank, N.A.*, No. CV 09-2066-PHX-JAT, 2010 WL 2534192, at *7-8 (D. Ariz. June 18, 2010) (holding that "TARP does not create, either explicitly or implicitly, a private right of action against TARP fund recipients"); *Cettolin v. GMAC*, No. CV 10-8036-PCT-JAT, 2010 WL 3834628, at *4 (D. Ariz. September 24, 2010) ("[N]either TARP nor HAMP provides a private right of action against financial institutions for refusal to modify a loan.").

**IT IS ORDERED:**

1. Defendants TruCap Grantor Trust 2010-2 and Marix Servicing, LLC's motion for judgment on the pleadings (Doc. 38) is **granted**.

2. Plaintiffs' complaint (Doc. 1-1) is **dismissed**.

3. Defendants' motion for ruling (Doc. 42) is deemed to be **moot**.

4. The Clerk is directed to terminate this action.

Dated this 22nd day of May, 2012.

_____
David G. Campbell
United States District Judge